STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JACQUELINE D. HOOVER,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0682**  (BOR Appeal No. 2045027)
(Claim No. 2002058659)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RITCHIE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jacqueline D. Hoover, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 4, 2011, in which the Board affirmed a September 3, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 8, 2010, decision denying a request for a cervical MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Hoover was working as a custodian for the Ritchie County Board of Education when she was injured on May 8, 2002. On June 20, 2002, the claim was held compensable for lumbago, unspecified thoracic/lumbar neuritis, sprain/strain of lumbar region, and sprain/strain of neck. On January 21, 2010, Dr. Shramowiat requested authorization for a cervical MRI. The claims administrator denied the request on February 8, 2010.

The Office of Judges concluded that the preponderance of the evidence did not establish that the requested cervical MRI was medically related and reasonably required medical treatment for the compensable injury. On appeal, Ms. Hoover argues that the permanent impairment in her neck resulting from the compensable injury necessitates the MRI. The West Virginia Office of Insurance Commissioner maintains that the sprain/strain of the neck should have resolved, and that the MRI is related to non-compensable conditions.

In affirming the claims administrator's Order, the Office of Judges noted that herniated cervical disc has not been held compensable in the claim. It also noted that Dr. Shramowiat's testimony made it seem that degenerative disc disease is causing Ms. Hoover's current condition. Moreover, under West Virginia Code of State Rules § 85-20-35.5 (2006), the estimated duration for a cervical sprain/strain is one to four weeks. The Office of Judges concluded that there were no medical findings justifying an additional MRI for the cervical spine. The Board of Review reached the same reasoned conclusions in its decision of April 4, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II